# EXHIBIT "A"

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE, STATE OF NEW YORK

---

FARIDEH CHUBINEH and SAMAN CHUBINEH,

          Plaintiffs,

v.

SECURITY CREDIT SYSTEMS, INC.,

          Defendant.

Index Number: CV-6562-14

Complaint

---

## INTRODUCTION

1. Plaintiffs Farideh Chubineh and Saman Chubineh bring this action for statutory damages resulting from defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The FDCPA is a law prohibiting the unfair collection of consumer debts.

## PARTIES

2. Plaintiff Farideh Chubineh (hereinafter "Farideh") is a natural person residing in the Town of Amherst, County of Erie, State of New York.

3. Farideh is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Plaintiff Saman Chubineh (hereinafter "Saman") is a natural person residing in the Town of Amherst, County of Erie, State of New York.

5. Defendant Security Credit Systems, Inc., (hereinafter "SCS") is a domestic business corporation organized and existing under the laws of the State of New York, with its principal executive office at 622 Main Street, Suite 301, Buffalo, New York 14202.

6. SCS regularly attempts to collect debts asserted to be due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

1

7. Any and all acts of SCS hereinafter alleged were performed by SCS's employees while under the scope of the SCS's actual or apparent authority.

8. Any and all references to "SCS" herein shall include SCS and/or an employee of SCS.

## TERRITORIAL JURISDICTION

9. This action has sufficient municipal contacts to this court as required by UCCA § 213(a)(1) because plaintiffs are residents of the Town of Amherst. Said Town is contiguous by land to and in the same county of the City of Buffalo.

## FACTUAL ALLEGATIONS

10. Prior to September 23, 2014, SCS was hired to collect from Farideh an alleged debt. Said debt will hereinafter be referred to as the "subject debt".

11. The subject debt is an alleged obligation of Farideh to pay money for transactions primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. On or about September 23, 2014, SCS called the residential telephone number of plaintiffs (hereinafter "Call 1") and left an automated voicemail on their home answering machine. Said voicemail reads as follows:

> "This message is for Farideh Chubineh. If you are not this person please hang up or disconnect now as this message contains private and confidential information. This is Security Credit Systems contacting you about a very important business matter. It is imperative that we speak with you regarding this matter. Please press any number to be automatically connected to one of our agents, or contact us at (716) 882-4515 extension 212 and please reference file number 2931834. Again the number-"

13. In Call 1, SCS failed to identify itself as a debt collector.

15 U.S.C. § 1692e(5)

2

14. On or about October 8, 2014, SCS called the residential telephone number of plaintiffs (hereinafter "Call 2") and left an automated voicemail on their home answering machine. Said voicemail reads as follows:

> "This message is for Farideh Chubineh. If you are not this person please hang up or disconnect now as this message contains private and confidential information. This is Security Credit Systems contacting you about a very important business matter. It is imperative that we speak with you regarding this matter. Please press any number to be automatically connected to one of our agents, or contact us at (716) 882-4515 extension 212 and please reference file number 2931834. Again the number is (716) 882-4515 extension 212."

15. In Call 2, SCS failed to identify itself as a debt collector.

16. SCS directly and indirectly conveyed information regarding the subject debt in Calls 1 and 2 and they are therefore each a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

## CAUSE OF ACTION: VIOLATIONS OF THE FDCPA

17. The aforementioned acts of SCS have violated the FDCPA as follows:

18. SCS violated 15 U.S.C. § 1692d(6) against Farideh and Saman in Calls 1 and 2 by failing to identify itself as a debt collector.

19. SCS violated 15 U.S.C. § 1692e(11) against Farideh in Calls 1 and 2 by failing to identify itself as a debt collector.

1433900048 Dec 05, 2014

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request this court grant the following relief:

a) Statutory damages of $1,000.00 for each plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b) Costs and disbursements of this action along with reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

c) Any and all additional relief as this court deems just and proper.

Dated: Getzville, New York
November 4, 2014

Cyrus B. Chubineh, Esq.
Attorney for Plaintiffs
2655 Millersport Hwy. #714
Getzville, NY 14068
Tel: (716) 864-0715

PRAYER FOR RELIEF

c) Costs and disbursements of this action along with …

Cyrus B. Chubineh, Esq.

4

CITY COURT OF THE CITY OF BUFFALO
COUNTY OF ERIE, STATE OF NEW YORK
————————————————————————x

FARIDEH CHUBINEH and SAMAN CHUBINEH,    Index No. CV-6562-14

              Plaintiffs,

   v.    Statement of Service by Mail and
                                                                           Acknowledgement of Receipt by
SECURITY CREDIT SYSTEMS, INC.,    Mail of Summons and Complaint

              Defendant.
————————————————————————x

A. STATEMENT OF SERVICE BY MAIL

To: Security Credit Systems, Inc.

The enclosed summons and complaint are served pursuant to section 403 of the Uniform City Court Act and section 312-a of the Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition. The time to answer expires thirty (30) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

1